1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TOMMIE EWING,

11              Plaintiff,              No. CIV 10-cv-0452-GEB-JFM (PS)

12        vs.

13   PATRICK R. DONAHOE, *Postmaster*
     *General*, *United States Postal Service*,
14
                Defendant.              FINDINGS & RECOMMENDATIONS
15   _____/
16
              On December 1, 2011, the court held a hearing on defendant Patrick Donahoe's
17
     motion to dismiss.  Plaintiff appeared in pro per.  Lynn Trinka Ernce appeared on behalf of
18
     defendant.  Upon consideration of the motion on file in this action, discussion with plaintiff and
19
     counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:
20
                   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND
21
              In the operative first amended complaint ("FAC"), plaintiff, a veteran, claims he
22
     applied for a position as a Custodian with the United States Postal Service ("USPS") in West
23
     Sacramento on August 19, 2005.  FAC at 3, ¶ 8.  After undergoing a pre-employment physical
24
     examination on September 9, 2005, plaintiff received notice that he was medically unsuitable for
25
     employment.  Id., ¶¶ 9-10.
26
                                        1

On October 14, 2005, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.  FAC at 4, ¶ 15.  On November 2, 2005, plaintiff and Post Office Management Official Brandi Jentgen entered into a settlement agreement, which included a job offer.  Id., ¶ 15.  By letter dated February 10, 2006, the job offer was rescinded by the USPS.  Id.

On March 22, 2006, plaintiff filed an informal complaint with the EEOC alleging disability discrimination.  FAC at 4, ¶ 15.  On April 13, 2006[1], plaintiff filed a formal complaint with the EEOC.  Id.  While his complaint was pending with the EEOC, plaintiff received a letter from counsel for USPS dated December 15, 2008 concerning possible settlement of the case.  Id.  During a telephonic conference on January 22, 2009 between plaintiff, counsel for USPS and an administrative law judge, the USPS offered plaintiff $5,000 and job reinstatement, which plaintiff accepted.  Id. at 5.  By letter dated January 26, 2009, however, the USPS withdrew its offer.  Id. at 5.  On May 27, 2009, the EEOC entered summary judgment in favor of the USPS.  Id. at 6.

Plaintiff initiated this action on February 22, 2010 and is proceeding on an amended complaint entered November 16, 2010.[2]  Therein, plaintiff sets forth thirteen causes of action: (1) discrimination based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (2) failure to accommodate in violation of the ADA; (3) failure to engage in good faith interactive process in violation of the ADA: (4) discrimination based on disability, in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code  12900 et seq.; (5) failure to accommodate disability in violation of FEHA; (6)

---

[1] Plaintiff identifies the date that he filed a formal EEOC complaint as April 24, 2006 on page 4 of his amended complaint and April 13, 2006 on page 5 of the amended complaint.

[2] On November 7, 2011, a Related Case Order was entered relating this matter to 2:11-cv-2568.  The related case is proceeding on an amended complaint initially filed in the Sacramento County Superior Court against defendant.  Plaintiff alleges that defendant breached a November 5, 2005 settlement agreement and a January 22, 2009 settlement agreement; he seeks $2.5 million in damages.  The case was removed to this court on September 29, 2011.

1  failure to engage in good faith interactive process in violation of FEHA; (7) violations of the

2  Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code § 56.20 *et seq.*; (8)

3  wrongful termination; (9) intentional infliction of emotional distress ("IIED"); (10) breach of

4  contract; (11) breach of the implied covenant of good faith and fair dealing; (12) promissory

5  fraud; and (13) violations of the Rehabilitation Act, 29 U.S.C. §§ 701-796.  Plaintiff seeks

6  damages in the amount of $700,000.00.

7         On October 12, 2011, defendant filed a motion to dismiss the first twelve causes

8  of action.  Plaintiff opposes the motion.

9                                         STANDARDS

10        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

11 dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

12 In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

13 true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

14 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

15 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint

16 must contain more than "a formulaic recitation of the elements of a cause of action;" it must

17 contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

18 Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

19 necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim

20 is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell

21 Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22                                         DISCUSSION

23 A.    Claims 1 through 3

24        In claims one through three, plaintiff brings suit against the USPS for various

25 ADA violations.  Defendant seeks dismissal of these claims for lack of jurisdiction.

26 /////

1    Plaintiff's ADA-related claims are premised on 42 U.S.C. § 12112, which in

2  relevant part provides: "No covered entity shall discriminate against a qualified individual on the

3  basis of disability in regard to job application procedures, the hiring, advancement, or discharge

4  of employees, employee compensation, job training, and other terms, conditions, and privileges

5  of employment."  42 U.S.C. § 12112(a).  However, Title I of the ADA does not govern alleged

6  discriminatory acts of the federal government.  Relevant here, the term "covered entity" includes

7  an "employer."  Id. § 12111(2).  In defining the term "employer," Congress expressly excluded

8  the federal government: "The term 'employer' does not include—... (i) the United States, a

9  corporation wholly owned by the government of the United States, or an Indian tribe."  Id.

10 § 12111(5)(B).

11    In persuasive dictum in a decision ultimately addressing the applicability of Title

12 II of the ADA to the federal government, the Ninth Circuit stated the same conclusion regarding

13 Title I's inapplicability to the federal government:

14    Although Congress generally included governmental employers in Title I, it
      exempted the federal government from that Title.  See 42 U.S.C. § 12111(5)(B)
15    ("The term 'employer' does not include ... the United States, a corporation
      wholly owned by the government of the United States, or an Indian tribe....").
16    That being so, by including governmental employers in Title I, but at the same
      time excluding federal governmental employers, Congress was referring only to
17    state and local governmental employers such as defendant.

18 Zimmerman v. Ore. Dep't of Justice, 170 F.3d 1169, 1172 (9th Cir. 1999); accord Henrickson v.

19 Potter, 327 F.3d 444, 447 (5th Cir. 2003) (explaining that "the entire federal government is

20 excluded from the coverage of the ADA"), cert. denied 540 U.S. 1018 (2003); Hiler v. Brown,

21 177 F.3d 542, 544 n.4 (6th Cir.1999) (affirming the district court's dismissal of the plaintiff's

22 claim alleging violations of Title I of the ADA against the federal government).

23    Plaintiff's amended complaint alleges violations of Title I of the ADA premised

24 on acts of the federal government.  Because the federal government is expressly excluded from

25 coverage under Title I of the ADA, plaintiff's ADA claims should be dismissed with prejudice.

26 /////

B.   Claims 4 through 8

In claims four through eight, plaintiff sets forth two claims for FEHA violations, one claim for a CMIA violation and one claim for wrongful termination.  The USPS seeks dismissal of these on the ground that the United States has not waived its sovereign immunity.[3]

It is axiomatic that, as sovereign, the United States " 'may not be sued without its consent and ... the existence of consent is a prerequisite for jurisdiction.'"  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)).  "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity."  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)).  "Such a waiver cannot be implied, but must be unequivocally expressed."  DaGrossa, 756 F.2d at 1458. "Where a suit has not been consented to by the United States, dismissal of the action is required."  Id.  Plaintiff has not met this burden.

Therefore, these claims should be dismissed with prejudice.

C.   Claims 9 and 12

In claims nine and twelve, plaintiff presents tort claims for IIED and promissory fraud.  Defendant seeks dismissal of these tort claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674.

1.   The Real Party in Interest

Defendant first argues that plaintiff's exclusive remedy for IIED and promissory fraud is the FTCA and that the proper defendant in an FTCA action is the United States, not an agency or agency head.

/////

---

[3]  Defendant also seeks dismissal of plaintiff's CMIA claim on the additional ground that the USPS is not a health care provider.  See Cal. Gov't Code § 56.05.  Pursuant to that code, a health care provider is defined as, inter alia, "any [licensed] clinic, health dispensary, or health facility."  Id.  There is no allegation in the amended complaint that the USPS is a health care provider as defined by CMIA.  Accordingly, dismissal is also warranted on this ground.

"The FTCA is the exclusive remedy for tortious conduct by the United States." Federal Deposit Ins. Corp. v. Craft, 157 F.3d 697, 716 (9th Cir. 1998).  The FTCA is a broad waiver of the federal government's sovereign immunity: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...."  28 U.S.C. § 2674; see also 28 U.S.C. §§ 1346(b)(1), 2679.  Federal employees are not personally liable for torts committed while acting within the scope of their employment.  The real party in interest is the United States Government and the exclusive remedy is an action against the Government under the FTCA.  28 U.S.C. § 2679(b)(1); Billings v. United States, 57 F.3d 797, 799 (9th Cir. 1995).

Plaintiff here brings suit against Donahoe, the Postmaster General of the USPS. Because a tort action can only be brought against the United States Government, the individual defendant will be dismissed.

2.     Exhaustion of Administrative Remedies

Even assuming plaintiff named the proper defendant, defendant urges dismissal of plaintiff's tort claims because he did not exhaust his administrative remedies.

"An action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency...."  28 U.S.C. § 2675(a).  A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues...."  28 U.S.C. § 2401(b).  Once the agency gives notice of final denial of the claim, the claimant has six months in which to file a civil action.  Id.  This requirement is jurisdictional and must be strictly adhered to, cannot be waived, and is strictly construed.  See Brady v. United States, 211 F.3d 499, 502 (9th Cir.), cert denied, 531 U.S. 1037 (2000); Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). "Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction." Johnson v.

1  United States, 704 F.2d 1431, 1442 (9th Cir. 1983) (citations omitted).  The purpose of this rule

2  is to encourage administrative settlement of claims to prevent unnecessarily burdening the

3  courts.                    Defendant submits the declaration of Linda Crump (Supervisor, Tort

4  Claims Examiner / Adjudicator with the USPS National Tort Center) to evidence that plaintiff

5  has not filed an administrative tort claim with the USPS before filing this suit.  See Crump Decl.,

6  ¶¶ 4-6.  Defendant argues this failure cannot now be remedied because it must have been

7  presented to the USPS within two years after the claim accrues.  Generally, a claim accrues when

8  plaintiff has knowledge of the injury and its cause.  Rosales v. United States, 824 F.2d 799, 805

9  (9th Cir. 1987).  In this case, plaintiff complains of defendant's alleged breach of the January 22,

10  2009 settlement offer.  This breach occurred on January 26, 2009.  Accordingly, the two year

11  time limit expired on January 27, 2011.

12               Plaintiff argues that dismissal is not warranted because he has been diligently

13  pursuing his administrative remedies with the EEOC.  The court has reviewed plaintiff's

14  amended complaint and his opposition to defendant's motion to dismiss.  It is evident that, at

15  their core, plaintiff's EEOC complaints are premised on disability discrimination and breach of a

16  settlement agreement.  Plaintiff did not complain of IIED or fraud.  Accordingly, the court finds

17  that despite pursuing some claims with the EEOC, plaintiff failed to fairly present his tort claims

18  under the FTCA.  See Totten v. Norton, 421 F. Supp. 2d 115, 123 (D.D.C. 2006) (presenting an

19  EEO complaint about reprisal discrimination is not sufficient to exhaust claim of intentional

20  infliction of emotional distress under the FTCA, even where EEO complaint made passing

21  reference to "compensation for humiliation, cost and attorney fees"); Folley v. Henderson, 175 F.

22  Supp. 2d 1007, 1017 (S.D. Ohio 2001) (holding in the alternative that plaintiff had failed to

23  exhaust administrative remedies on tort claims including intentional infliction of emotional

24  distress, notwithstanding her filing of an EEO complaint for sex and race discrimination); Fairley

25  v. Potter, 2003 WL 403361, at *6 (N.D. Cal. Feb.13, 2003) (plaintiff's EEO complaint about

26  /////

7

sexual discrimination was insufficient to exhaust tort claim of sexual battery or intentional infliction of emotional distress).

Because plaintiff has failed to exhaust his claim of IIED and fraud under the FTCA, this court lacks jurisdiction over his claims.

### 3.   Intentional Torts and the FTCA

Moreover, even if the claims were not time-barred, defendant argues they should be dismissed because the FTCA specifically excludes intentional torts.

Pursuant to 28 U.S.C. § 2680, "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" is specifically excepted from the FTCA.  Plaintiff's fraud claim is a type of "misrepresentation."  See Clark v. United States, 2007 WL 2358630 (N.D. Cal. 2007); F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); see also Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981) ("claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)").  Contrary to defendant's suggestion, however, "intentional infliction of emotional distress is not excluded as a matter of law from FTCA by § 2680(h)."  See Sheehan v. United States, 896 F.2d 1168, 1172 (9th Cir. 1990).

Nonetheless, for the reasons set forth above, plaintiff's IIED and promissory fraud claims should be dismissed with prejudice.

### D.   Claims 10 and 11

Finally, in claims ten and eleven, plaintiff sets forth claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  Defendant relies on Munoz v. Mabus, 630 F.3d 856 (9th Cir. 2010), to argue that district courts lack jurisdiction over claims for breach of administrative EEOC settlements.

Pursuant to 29 C.F.R. § 1614.603, a federal agency "shall make reasonable efforts to voluntarily settle complaints of discrimination as early as possible . . . .  Any settlement

1    reached shall be in writing and signed by both parties and shall identify the claims resolved."

2    The procedures for claiming breach of an EEO settlement agreement require the claimant to give

3    the EEOC director notice within 30 days of the breach, and limits available remedies to either

4    specific performance of the settlement agreement or reinstatement of the original discrimination

5    complaint.  Id., § 1614.504(a).  The regulation further provides that the EEOC is limited to

6    awarding one of these two remedies upon determining that a breach has occurred.  Id.

7    § 1614.504(c).  As the Munoz court noted, "the regulation is silent as to whether an employee

8    may proceed to federal court after receiving an adverse EEOC determination."  630 F.3d at 862.

9           The settlement here was purportedly entered into on January 22, 2009.  Plaintiff's

10   complaint is premised on the breach of that settlement agreement and seeks $700,000.00 in

11   damages.  However, that agreement was not written and signed by the parties, and plaintiff

12   presents no evidence that he submitted notice to the EEOC director within 30 days of the alleged

13   breach.

14          Notwithstanding these procedural failures, the question remains as to whether

15   plaintiff may seek relief in federal court over his breach of contract claims at all.  In Munoz, the

16   plaintiff, Munoz, filed an EEO complaint alleging that his employer, the Navy, had discriminated

17   against him.  630 F.3d at 858-59.  Instead of having his claim processed through EEOC's review

18   mechanism, Munoz and the Navy entered into a settlement agreement.  Id. at 859.  Pursuant to

19   this agreement, the Navy would provide Munoz with career-enhancing training and Munoz

20   would withdraw his EEO complaint.  Id.  After Munoz was denied a specific type of training, he

21   alleged that the Navy had breached the settlement agreement.  Id.  Munoz lost that claim and a

22   related claim; on appeal, the EEOC Office of Federal Operations affirmed, finding that the Navy

23   had not breached the agreement.  Id. at 859-60.  Munoz appealed to the federal district court,

24   which found that Title VII conferred jurisdiction (but dismissed Munoz's claims on the merits).

25   Id. at 860; see Munoz v. England, 557 F. Supp. 2d 1145 (D. Haw. 2008).

26   /////

1    The Ninth Circuit reversed.  Munoz, 630 F.3d at 860-61.  Deciding an issue of

2  first impression, it held that "Congress' waiver of sovereign immunity under Title VII does not

3  extend to suits to enforce settlement agreements entered into without genuine investigation,

4  reasonable cause determination, and conciliation efforts by the EEOC."  Id.  After a lengthy

5  analysis of Title VII's regulations and Tucker Act jurisdiction, 28 U.S.C. § 1491[4], Munoz found

6  that "Congress, while encouraging resolution of Title VII complaints through predetermination

7  settlement agreements, has nonetheless not provided for enforcement of such agreements in

8  federal court.  The plain meaning of the text, the overarching regulatory framework, and the

9  long-held prudential interest in narrowly construing waivers of sovereign immunity all compel

10  this conclusion."  Id. at 846 (internal citations and footnote omitted).  It further found that

11  because the breach of settlement agreement claim "is essentially a contract action against the

12  federal government" which does not require interpretation of federal employment discrimination

13  law, if jurisdiction over the claim existed anywhere, it would be in the Court of Federal Claims,

14  not in the district court.  Id. at 864.  Accordingly, the Ninth Circuit held that district courts lack

15  jurisdiction over breach of EEO settlement agreement claims.  Id. at 861.

16    Although Munoz was decided in the context of a Title VII action, defendant

17  argues that it is equally applicable in this context, which is premised on a violation of the

18  Rehabilitation Act.  Because the Rehabilitation Act incorporates the procedural, remedial, and

19  jurisdiction-conferring provisions of Title VII, the undersigned agrees with defendant.  See 29

20  U.S.C. § 794a(a)(1).  See also Vinieratos v. U.S., Dept. of Air Force, 939 F.2d 762 (9th Cir.

21  1991); Holmes v. Potter, 2007 WL 778307 (N.D. Ind. 2007); Sidor v. Reno, 1997 WL 582846

22  (S.D.N.Y. 1997).

23  _____

24    [4] Contract claims against the United States are controlled by the Tucker Act, 28 U.S.C.
§ 1491.  The district courts and the Court of Claims have concurrent jurisdiction over Tucker Act
25  claims.  28 U.S.C. § 1346(a)(2).  The Court of Claims has exclusive jurisdiction over claims with
damages in excess of $10,000.  See id.; 28 U.S.C. § 1491.  If plaintiff's contract claims were not
26  based on an EEO settlement agreement, this court may lack jurisdiction because plaintiff seeks
more than $10,000.

1          Thus, plaintiff's breach of contract claims should be dismissed with prejudice.

2          Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant's

3 motion to dismiss plaintiff's first twelve causes of action be granted and those claims be

4 dismissed with prejudice.

5          These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

7 days after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

10 that failure to file objections within the specified time may waive the right to appeal the District

11 Court's order.  <u>Martinez v. Ylst</u>, 95 1 F.2d 1153 (9th Cir. 1991).

12 DATED: December 7, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;ewin0452.mtd