1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

TOMMIE EWING,

11

          Plaintiff,                 No. CIV 10-cv-0452-GEB-JFM (PS)

12

    vs.

13

PATRICK R. DONAHOE, *Postmaster General*, *United States Postal Service*,

14

          Defendant.           <u>ORDER</u>

15

_____/

16

On November 10, 2011, plaintiff filed a motion for designation of expert

17

witnesses.  Plaintiff asserts that he has seven "expert witnesses" who were present at and aware

18

of the January 22, 2009 telephonic settlement conference at issue in this case.  Plaintiff seeks to

19

have these witnesses made available at all future proceedings in this court.

20

Under Federal Rule of Evidence 706, a district court may "on its own motion or

21

on the motion of any party enter an order to show cause why expert witnesses should not be

22

appointed."  Fed. R. Evid. 706(a).  The decision of whether to appoint an expert witness under

23

Rule 706 is discretionary.  The Rule only allows a court to appoint a neutral expert.  <u>See</u> <u>In re</u>

24

<u>High Fructose Corn Syrup Antitrust Litigation</u>, 295 F.3d 651, 665 (7th Cir. 2002).  Here, it is

25

evident that plaintiff is seeking appointment of expert witnesses for his own benefit, which is not

26

1  permitted under either Rule 706 or 28 U.S.C. § 1915.  See Gorton v. Todd, 793 F. Supp. 2d

2  1171, 1177 n.6 (E.D. Cal. 2011).  Accordingly, this request will be denied.

3              Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for

4  designation of expert witnesses is denied.

5  DATED: December 6, 2011.

6

7                                    UNITED STATES MAGISTRATE JUDGE

8

9  /014;ewin0452.exp_witn

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26